**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GUOQIANG CHEN | : | CIVIL ACTION NO.: 3:26-cv-01218 (SVN) |
| v. | : | |
| BENJAMIN MEEKER | : | AUGUST 13, 2026 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS**

## I. Introduction

The defendant, Benjamin Meeker ("Defendant" or "Meeker") in the above captioned action obtained a default judgment in the amount of $1,649,800.00 (attached as Exhibit A) (the "California Judgment") against the plaintiff in the above captioned action, Guoqiang Chen ("Plaintiff" or "Chen") from the California Superior Court of which this Court may take judicial notice. Fed. R. Evid. 201. Chen sought to reopen the default judgment, but was unsuccessful. Chen appealed, but the California Court of Appeals affirmed. See Exhibit B. Fed. R. Evid. 201. Meeker v. Chen, 2025 Cal. App. Unpub. LEXIS 7990 (Cal. App. 4th Dist. Div. One 2025). During the pendency of the appeal, Meeker sought enforcement of the California Judgment in the Connecticut Superior Court, Judicial District of New London ("CT Superior Court"). Because the matter remained on appeal, the CT Superior Court ordered Meeker to show cause why the enforcement proceeding should not be dismissed for failure to comply with Conn. Gen. Stat. §52-605(a). See Exhibit C. Fed. R. Evid. 201. The CT Superior Court ordered a hearing for September 15, 2025 which Meeker could not attend because the CT Superior Court would not permit a remote appearance from California, and Meeker could not attend an in-person

hearing in Connecticut on the notice provided. Accordingly, the CT Superior Court dismissed that action. See Exhibit D. Fed. R. Evid. 201.

On December 12, 2025, three months after the CT Superior Court case was dismissed, the California Court of Appeal affirmed the California Judgment, therefore making an action to enforce ripe. Accordingly, Meeker commenced an action in the United States District Court for the District of Connecticut entitled Benjamin Meeker v. Guoquiang Chen, Civil Action No.: 3:26-cv-00062-SVN on January 13, 2026 (the "Meeker Action"). In retaliation, Chen has now sued Meeker (the "Chen Action") claiming vexatious litigation in connection with the CT Superior Court proceeding, abuse of process in connection with the CT Superior Court proceeding, fraudulent concealment, violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), and seeking declaratory and injunctive relief. As set forth below, the Chen Action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of proper service of process. Counts Four through Six of the Chen Action should also be dismissed for failure to state a claim upon which relief may be granted.

## II. Relevant Procedural Background

Chen commenced the Chen Action by service of a Summons and Complaint. According to the Return of Service (attached as Exhibit E), the Summons and Complaint were served by Maribel Franco, an indifferent person, in California. The Complaint alleged violation of California civil rules. Complaint ¶¶ 72-74. The Complaint alleges violations of CUTPA based upon activity in Hawaii and California, but contains no allegations of trade or commerce in Connecticut. Complaint ¶¶ 78-84. The Complaint also seeks injunctive relief against the Meeker Action. None of these allegations could conceivably support the claims in Counts Four through Six of the Chen Action.

## II. Argument

### A. The Complaint Must Be Dismissed For Lack Of Proper Service

Mr. Chen commended this action in Connecticut Superior Court. Accordingly, Mr. Chen was required to cause the Complaint to be served pursuant to Connecticut State law. Pursuant to Conn. Gen. Stat. §52-50(a), a summons and complaint must be served by a state marshal or a constable. See Conn. Gen. Stat. §6-32(a), §6-38(a). The Plaintiff did not cause Defendant to be served by a state marshal or constable. Thus, Defendant was not properly served. Since Defendant was not properly served, this case must be dismissed. See Fed. R. Civ. P. 12(b)(5).

### B. The Complaint's Fourth Count Does Not Set Forth A Valid Cause Of Action

#### 1. Standard Of Review

> Pursuant to *Federal Rule of Civil Procedure 12(b)(6)*, a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted. When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal, 556 U.S. at 678* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. at 678*. This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id*. In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011)* (internal quotation marks and citation omitted).
>
> The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman, 517 F.3d 140, 149 (2d Cir. 2008)*, and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal, 556 U.S. at 678* (quoting *Twombly, 550 U.S. at 555)*.

> Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly, 550 U.S. at 555)*. Ultimately, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id. at 679*.

Rivera v. City of Hartford, 2026 U.S. Dist. LEXIS 146871 *5 (2026).

In his Fourth Count, Plaintiff asserts a claim for fraudulent concealment and equitable tolling. These are both doctrines which serve to toll the running of the statute of limitations. See Conn. Gen. Stat. §52-595. Fiondella v. City of Meriden, 2024 Conn. Super. LEXIS 644 *11 (J.D. New Haven 2021) citing Otake v. Brown, 164 Conn. App. 686, 692 (2016); Carlson v. Bianchi, 2018 Conn. Super. LEXIS 5 *5-7 (J.D. Litchfield 2018). See also, Wiele v. Bd. of Assessment Appeals of Bridgeport, 119 Conn. App. 544, 554 (2010) (holding that equitable tolling is an equitable doctrine used to excuse untimeliness in filing a complaint).

Plaintiff also complains about the alleged improper use of an unpublished decision of the California Appellate Court. Plaintiff misunderstands Cal. Rules of Court Rule 8.1115. Cal. Rules of Court, Rule 8.1115(b)(1) expressly permits the use of unpublished opinions to establish law of the case, res judicata or collateral estoppel. This is the only use made by Meeker of that decision in the Meeker Action and in the Chen Action.

Since Chen has asserted no valid cause of action in the Fourth Count, it must be dismissed.

**C. Chen Has Failed To Set Forth A Valid CUTPA Claim**

Chen has asserted a claim pursuant to the Connecticut Unfair Trade Practices Act. Conn. Gen. Stat. §42-110a *et seq*. Pursuant to Conn. Gen. Stat. §42-110b(a), it regulates acts in trade or commerce in Connecticut and such activity must be its primary trade or commerce. DiNardo Seaside Tower, Ltd. v. Sikorsky Aircraft Corp., 153 Conn. App. 10, 18-27 cert. denied 314

Conn. 947 (2014). Here, there are no allegations of Meeker's having engaged in any trade or commerce in Connecticut. Moreover, there is no allegation that Meeker's activities in Connecticut constituted his primary trade or commerce. Accordingly, this claim should be dismissed.

**D. The Plaintiff's Sixth Count Is Barred By The Prior Pending Action Doctrine**

In his Sixth Count, Plaintiff seeks a declaratory judgment and/or an injunction concerning the Meeker Action.

This count is barred by the prior pending action and by Fed. R. Civ. P. 13(a)(1). Pursuant to the prior pending action doctrine, a case should be dismissed if the two actions are exactly alike and in the same jurisdiction, or virtually alike in that they are brough to adjudicate the same underlying rights of the parties. Bayer v. Showmotion, 292 Conn. 381, 395-96 (2009). In the Meeker Action, Plaintiff seeks to enforce his California Judgment. Here, Chen is seeking to enjoin the Meeker Action by asserting the same defenses he is asserting in the Meeker Action. This pretty clearly meets the requirements of the prior pending action doctrine.

In any event, Chen's claim arises out of the same transaction or occurrence as the Meeker Action. They both concern whether Meeker may enforce the California Judgment in this District. Thus, pursuant to Fed. R. Civ. P. 13(a)(1)(A), they are properly the subject of a compulsory counterclaim in the Meeker Action and may not be brought in this case.

**DEFENDANT**
**BENJAMIN MEEKER**

By: /s/ Jeffrey Hellman
Jeffrey Hellman, Esq.
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Tel.: 203-691-8762
Fax: 203-823-4401
jeff@jeffhellmanlaw.com
Federal Bar No.: ct04102

**CERTIFICATION OF SERVICE**

This is to certify that, on August 13, 2026, a copy of the foregoing was electronically filed and served by U.S., postage prepaid, mail and electronic mail on the following:

Guoqiang Chen, pro se
55 Arbor Crossing
East Lyme, CT 06333
3472687180a@gmail.com

/s/ *Jeffrey Hellman*
Jeffrey Hellman, Esq.